**NOT FOR PUBLICATION**                                        **[4, 6, 17, 22]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                              :
ALFRED WRIGHT,                                :        Civil Action No. 05-4782 (FLW)
                                              :
        Plaintiff, pro se,                    :
                                              :                **OPINION**
        v.                                    :
                                              :
BOROUGH OF BUENA (incorrectly pled            :
as BUENA BORO), ET AL,                        :
                                              :
        Defendants.                           :
_____       :

APPEARANCES:

For Plaintiff:
ALFRED WRIGHT, PRO SE
927 GARDEN ROAD
PITTSGROVE, NJ 08318

For Defendants Township of Buena Vista and Robert Pinizzotto:
THOMAS B. REYNOLDS, ESQ.
REYNOLDS, DRAKE, WRIGHT & MARCZYK
29 NORTH SHORE ROAD
ABSECON, NJ 08201

For Defendants Borough of Buena, Richard Tonetta, Douglas Adams, David Sherma and Carlo
Drogo:
ROBERT P. MERENICH, ESQ.
GEMMEL, TODD & MERENICH, P.A.
767 SHORE ROAD
P.O. BOX 296
LINWOOD, NJ 08221

**WOLFSON, United States District Judge:**

Plaintiff Alfred Wright ("Plaintiff" or "Mr. Wright") has sued Defendants Township of Buena Vista, Robert Pinizzotto, Borough of Buena, Richard Tonetta, Douglas Adams, David Sherma, Carlo Drogo and Joseph Valentine, alleging that his constitutional rights were violated by Defendants in connection with his arrest on April 30, 2003 and subsequent prosecution. In moving to dismiss Plaintiff's complaint, Defendants have invoked the Heck and Younger doctrines. The Court must decide whether those doctrines apply here and whether Plaintiff's other claims, including those pursuant to 42 U.S.C. § 1983, can survive Defendants' motion to dismiss. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. For the reasons stated below, Defendants' motion to dismiss is granted.

## I. BACKGROUND

Plaintiff alleges that in 1995 he brought a civil rights action against a number of governmental entities and employees thereof, including Richard Tonetta and Joseph Valentine and that the case ultimately settled. Compl. ¶ 11.    According to Plaintiff, beginning in February 2003, he was "harassed" by members of the Borough of Buena Police Department, including Officer David Sherma, Officer Joseph Valentine, and Officer Carlo Drogo. Id. ¶¶ 12-14. This alleged harassment included the officers' orders to Plaintiff to "stay ... out of Buena" and "stay away from Sherri Starm," a female with whom Plaintiff was maintaining a relationship and a cousin of Officer Drogo. Id. ¶¶ 13-14. Plaintiff claims that he informed Police Chief Douglas Adams of the "harassment" but "nothing was done." Id. ¶ 14.

2

On April 30, 2003, Plaintiff was arrested on various criminal charges, including "fleeing the police," and motor vehicle charges.  Id.  ¶¶ 15-16.  Plaintiff contends that the evidence against him was Defendants' "false[]" "report[] that the Plaintiff had led them on a high speed chase."  Id.  ¶ 16.  He alleges that he was advised by his attorney that he would not prevail if the case against him went to trial, and, as such, pled guilty to the crime of resisting arrest.  Id.

Plaintiff avers that, presently, "the traffic summonses are to be tried."  Id. ¶ 17.  The first case was to scheduled to be tried in the Borough of Buena Municipal Court; Defendant Richard Tonetta, whom Plaintiff had sued in 1995, was to be the prosecutor.  Id. The case was ultimately transferred to Buena Vista Township Municipal Court. Id. Plaintiff alleges that while in court on September 28, 2005, the Buena Vista prosecutor, Defendant Robert Pinizzotto, "vowed to suspend the Plaintiffs [sic] driving privilege for 'life.'"  Id. ¶ 18.  It appears from Plaintiff's Complaint that the motor vehicle charges are still pending against Plaintiff.

On October 4, 2005, Plaintiff filed suit pursuant to 42 U.S.C. § 1983, against Robert Pinizzotto, Richard Tonetta, Douglas Adams, David Sherma, Carlo Drogo and Joseph Valentine, alleging that they violated his rights under the United States Constitution and committed the state law torts of False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress and Conspiracy.  Compl.   His complaint also asserts a "Monell Policy Claim" against the Township of Buena Vista and the Borough of Buena.  Id.  On November 7, 2005, Defendants Township of Buena Vista filed a motion to dismiss; Defendants Borough of Buena, Richard Tonetta, Douglas Adams, David Sherma and Carlo Drogo filed their motion to dismiss on November 23, 2005; on December 5, 2005, Defendant Richard Tonetta filed a motion to dismiss; and Defendant Robert Pinizzotto filed a motion to dismiss on December 8, 2005.

3

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir.1989). The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir.1981).  Where the plaintiff is proceeding pro se, the plaintiff's complaint is subject to a less stringent standard than more formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Civil rights plaintiffs are not subject to a heightened pleading requirement, but rather must only contain a "short and plain statement" of the claim pursuant to Fed. R. Civ. P. 8(a).  Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004).  However, even a pro se plaintiff, like Mr. Wright, must still plead the essential elements of his claim and is not ordinarily excused from conforming to standard procedural rules. See McNeil v. United States, 508 U.S. 106, 113  (1993).

### B.  42 U.S.C. § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that defendants, acting under color of state law, deprived the plaintiff of rights secured by the Constitution or federal

statutes. 42 U.S.C. § 1983.  Here, there appears to be no question that the named defendants are persons acting under color of state law.  Moreover, Plaintiff asserts claims of violation of the right to a fair trial, wrongful conviction, false arrest, false imprisonment and malicious prosecution by prosecutors and law enforcement officers implicate the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution.  At the outset, the Court notes the far-reaching effects of plaintiff's plea to the crime of resisting arrest. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.  A claim for damages arising out of a conviction or sentence that has not been so invalidated is not cognizable under § 1983 ." Id.  Pursuant to Heck, this Court concludes that Plaintiff's plea bars him from recovering damages under § 1983 for violation of the right to a fair trial, wrongful conviction, false arrest, false imprisonment and malicious prosecution.

The Court acknowledges Plaintiff's claim that he was in fact not guilty but pled guilty because he was advised by his lawyer that he would lose at trial and face a harsher sentence than if he pled. However, this Court does not have jurisdiction to examine whether the plaintiff's plea was given voluntarily, knowingly, and intelligently "with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970) (articulating the standards for properly administering a guilty plea).   A challenge to the plea must

first be raised in state court upon appeal, and not in Federal court.  For all these reasons, this Court lacks jurisdiction over Plaintiff's § 1983 claims for violation of the right to a fair trial, wrongful conviction, false arrest, false imprisonment and malicious prosecution.

To the extent that the motor vehicle charges are still pending against Plaintiff, Defendants also argue that the Court should abstain from exercising jurisdiction and defer to the ongoing state proceedings pursuant to the abstention doctrine set forth and developed in Younger v. Harris, 401 U.S. 37 (1971) and its progeny.  In Younger, the Supreme Court created an exception to the general rule that the pendency of state court proceedings is not a reason for a federal court to decline to exercise jurisdiction established by Congress. See Yi Tang v. Tsui, 416 F.3d 199, 201 (3d Cir. 2005).  The Younger Court held that when federal adjudication of a particular claim would offend principles of comity by disrupting ongoing state proceedings, a federal court may abstain from exercising jurisdiction.[1] 401 U.S. at 43-44.  Three requirements must be satisfied before Younger abstention is appropriate: (1) there must be ongoing state proceedings that are judicial in nature and with which the federal proceedings will interfere; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise the federal claims. Yi Tang, 416 F.3d at 202.  Even if each of the above elements are satisfied, abstention is not appropriate if the plaintiff establishes that "extraordinary circumstances exist ... such that deference to the state proceedings will present a significant and immediate potential for irreparable harm to the federal interests asserted." Zahl v. Harper, 282

---

[1] Though Younger dealt with a criminal matter, the Court has since expanded the abstention doctrine to include civil proceedings and state administrative proceedings. Moore v. Sims, 442 U.S. 415 (1979).

F.3d 204, 209 (3d Cir. 2002). Here, Plaintiff maintains that traffic proceedings in this case are ongoing, which implicate New Jersey's strong interest in its traffic laws and driver safety on its roadways. Additionally, there is no reason why the traffic proceedings would not provide Plaintiff an adequate opportunity to raise the concerns that he has with those matters. Finally, I find no extraordinary circumstances exist which might indicate that deference to the state proceedings in this case will result in "a significant and immediate potential for irreparable harm" to the federal claims he asserts. See id. Therefore, to the extent that the traffic proceedings are ongoing or still pending against Plaintiff, the Court will abstain from exercising jurisdiction and defer to those proceedings.

Moreover, Plaintiff is asserting claims against two prosecutors, Defendants Tonetta and Pinizzotto. The United States Supreme Court has held that prosecuting attorneys are absolutely immune from suits arising out of actions within their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409 (1976); see also Burns v. Reed, 500 U.S. 478 (1991). Additionally, in Smith v. Garretto, the Second Circuit Court of Appeals summarized the absolute immunity that prosecutors may maintain against civil rights actions by stating that:

> A prosecutor enjoys absolute immunity for acts taken in initiating a prosecution and in presenting the State's case, whether at a trial, a preliminary hearing, or a bail hearing[.] Such immunity also extends to acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. Smith v. Garretto 147 F.3d 91, 94 (2nd Cir.1998) (internal citations and quotations omitted).

A functional test is applied to determine if a prosecutor enjoys absolute immunity; a prosecutor does not receive absolute immunity by virtue of his title, but rather, by the nature of the functions

and actions, which the prosecutor performs. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993). A prosecutor's actions taken in furtherance of the initiation of a prosecution or for a judicial proceeding qualify for absolute immunity. <u>Buckley</u>, 509 U.S. at 273.  In this case, all of Plaintiff's allegations against Defendants Tonetta and Pinizzotto involve actions they took while performing their prosecutorial duties.  Their actions are protected by absolute immunity against the civil rights claims brought by Plaintiff.  Accordingly, the doctrine of prosecutorial immunity is another basis for the dismissal of Plaintiff's claims against Defendants Tonetta and Pinizzotto.

Plaintiff's complaint also asserts a "42 U.S.C § 1983 <u>Monell</u> Policy Claim" against the Township of Buena Vista and the Borough of Buena. The Supreme Court has held that a suit under § 1983 may not be maintained against a local government for an injury inflicted by its employees.  <u>Monell v. New York City Dept. of Social Serv.</u>, 436 U.S. 658, 694 (1978)). Therefore, there can be no municipal liability under § 1983 where the claim is based on the theory of <u>respondeat</u> <u>superior</u>.  <u>Id.</u> at 691.   Thus, to the extent that Plaintiff is seeking to hold the Township of Buena Vista or the Borough of Buena liable under § 1983 as a result of the alleged actions of Tonetta, Pinizzotto, Adams, Sherma, Drogo, Valentine and other employees, such as police officers, such claims cannot survive a motion to dismiss.

Rather than <u>respondeat</u> <u>superior</u>, it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983." <u>Id.</u> at 694. In order to state a § 1983 <u>Monell</u> claim against a municipality such as the Township of Buena Vista or the Borough of Buena, a plaintiff must allege that the municipality acted in one of the following three ways: (1) adopted an official policy that deprives citizens of their constitutional rights, <u>Monell</u>, 436 U.S. at 694; (2) tolerated or adopted an unofficial custom that results in the

unlawful stripping of constitutional rights, <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575 (3d Cir.2003); or (3) failed to "train, supervise, or discipline" its employees so as to prevent them from unlawfully depriving citizens of their constitutional rights, <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808 (1985); <u>see also</u> Karen M. Blum and Kathryn R. Urboyna, Federal Judicial Center, Section 1983 Litigation 58-59 (1998).

To the extent that Plaintiff's § 1983 <u>Monell</u> claims involve his prosecution, such claims must also fail because the Township of Buena Vista or the Borough of Buena have no control over their prosecutors. <u>See</u> <u>Kershenblatt v. Kozmor</u>, 264 N.J.Super. 432, 439 (N.J. Super. L.1993) ("The powers and duties of the municipal prosecutor are derived from the State of New Jersey through the county prosecutor. They are not powers and duties inherent in the municipality, nor are they appropriate to any of the departments of the municipality."); <u>see also</u> <u>State v. Clark</u>, 162 N.J. 201, 206 (2000) (citing N.J.S.A. 2B:12-27)("Municipal prosecutors are under the supervision of the Attorney General and county prosecutors.").  Additionally, Plaintiff conclusorily alleges that Township of Buena Vista or the Borough of Buena maintained policies and failed to train employees in such a manner that violated people's Constitutional rights. Under <u>Monell</u>, unconstitutional actions borne of municipal policies or customs cannot be attributed to a municipality as an abstract entity. <u>Simmons v. City of Philadelphia</u>, 947 F.2d 1042, 1061 (3d Cir.1991). Rather, a plaintiff can establish liability based on a municipal policy or custom only if she has both connected the policy to a constitutional injury and alleged "scienter on the part of a municipal actor [with] final policymaking authority in the areas in question." <u>Id.</u> at 1042. Assuming, <u>arguendo</u>, that Plaintiff had presented more than conclusory allegations of a constitutional violation, he has still not identified a municipal policy or custom that resulted in

his being denied due process. Nor has he alleged a particular municipal agent with the authority

to create such a policy or that such an agent knew of the policy's unconstitutional consequences.

Moreover, where a Complaint contains an allegation of a municipal policy or custom that is

merely conclusory and vague, claims against the municipality are properly dismissed. See

Berthesi v. Pennsylvania Bd. of Probation, 246 F. Supp.2d 434, 439 (E.D. Pa. 2003) (citing

Simmons, 947 F.2d at1061).  Thus, Plaintiff's § 1983 Monell claim, even when read in the most

forgiving light, cannot state a cause of action for which relief can be granted.   Therefore,

Plaintiff's § 1983 claims against Defendants Township of Buena Vista, Robert Pinizzotto,

Borough of Buena, Richard Tonetta, Douglas Adams, David Sherma and Carlo Drogo are

dismissed.

### C.  Valentine

The docket reflects that Defendant Joseph Valentine was served with a summons and

complaint on October 6, 2005.  To this date, he has not filed an Answer or participated in the

case.  Plaintiff has not sought an entry of default against Valentine.  "It has long been established

that, under the right circumstances, district courts are entitled to enter summary judgment sua

sponte." Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006) (quoting Gibson v. Mayor and

Council of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004)). The court may not enter judgment,

however, without "placing the adversarial party on notice that the court is considering a sua

sponte summary judgment motion" and providing that party "an opportunity to present relevant

evidence in opposition to that motion." Id. (quoting Chambers Dev. Co. v. Passaic County Util.

Auth., 62 F.3d 582, 584 n. 5 (3d Cir.1995) and citing Otis Elevator Co. v. George Washington

Hotel Corp., 27 F.3d 903, 910 (3d Cir.1994)).  Notice is satisfied if the targeted party had reason

to believe the court might reach the issue and received a fair opportunity to put its best foot forward." Id. (citing Gibson, 355 F.3d at 223-24) .  Here, all Defendants except Valentine have participated in the case and filed motions to dismiss the claims against them, the claims against Valentine are not discrete from the claims against other Defendants, and Plaintiff has opposed the motions to dismiss.  Therefore, I find that Plaintiff had reason to believe that the Court might rule on the claims against Valentine and had an opportunity to argue his case.  Since it is clear from the Court's analysis in Section II(B) of this Opinion that Plaintiff cannot maintain any § 1983 claims against any Defendant, the Court will sua sponte dismiss the § 1983 claim against Valentine.

**D.  State Law Claims**

A federal court has jurisdiction over a matter pursuant to diversity or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1367, once a court has original jurisdiction over some claims in an action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. 28 U.S.C. § 1367. However, the exercise of supplemental jurisdiction is a matter of discretion. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (stating that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.").  Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction ... if ... the ... court has dismissed all claims over which it has original jurisdiction."  Here, the Court does not have diversity jurisdiction because there is no diversity of citizenship between the parties.  Moreover, there is no federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's § 1983 claims have been dismissed.  The remaining state law claims are against all Defendants for "false arrest and

11

imprisonment," malicious prosecution, intentional infliction of emotional distress, conspiracy and "respondiat superior."   This Court declines to exercise supplemental jurisdiction over all of Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Therefore, Plaintiff's state law claims against Defendants Township of Buena Vista, Robert Pinizzotto, Borough of Buena, Richard Tonetta, Douglas Adams, David Sherma and Carlo Drogo are dismissed without prejudice.  Plaintiff's state law claims against Valentine are dismissed <u>sua</u> <u>sponte</u> without prejudice.  Pursuant to 28 U.S.C. § 1367(d), the period of limitations for these claims shall be tolled for a period of 30 days from the date of this opinion and accompanying order unless State law provides for a longer tolling period.

## III.  CONCLUSION

     For the reasons stated above, Defendants' motion for summary judgment is granted.  An appropriate Order follows.

S/ Freda L. Wolfson
Honorable Freda L. Wolfson
United States District Judge

Date: June 12, 2006